| | |
|---|---|
| Olga Plastino<br>Representative for the Debtor's estate<br>11740 Riviera Pl NE<br>Seattle WA 98125<br>(206) 790-3324 | Hon. Marc L. Barreca<br>Hearing date: December 17, 2020<br>Response date: December 10, 2020 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In Re )
) No. 17-11760 MLB
PAKIE VINCENT PLASTINO, )
)
Debtor. ) Chapter 7
)

## NOTICE OF AND MOTION
## TO COMPELL TRUSTEE TO ABANDON PROPERTY

NOTICE OF TELEPHONIC HEARING

TO: The Clerk of the above entitled Court; and

TO: Counsel and all parties of record

YOU ARE HEREBY NOTIFIED that a hearing on the motion to abandon the real and personal property located at 11740 Riviera PL. NE, Seattle, WA 98125 and other assets, including but not limited to furniture and personal belongings, located at this address (the "Property") will be heard before the Hon. Marc Barreca on Thursday, December 17th, 2020 BY TELEPHONE commencing at 9:30 a.m., Courtroom 7106 United States Court House, 700 Stewart Street, Seattle, WA 98101. Instructions below.

NOTICE OF AND MOTION TO ABANDON PROPERTY
Page 1

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

If you choose to respond to this motion, you must do so by serving a copy of your response on Counsel at the address below; and any other parties in interest by the reply date set forth above, December ___, 2020. If you fail to do so, the Court may enter an order granting the motion without hearing and without further notice to you.

**Instructions**

(1) Dial: 1-888-363-4749. For hearings held at the hour, please call in 10 minutes before the hour to avoid AT&T conference call congestion.

(2) Enter Access Code: 9365479#

(3) Press the # sign

(4) Enter Security Code when prompted: 8574#

(5) Speak your name when prompted

**Guidelines**

(1) Use a land line phone and not a cell phone, if possible. Do not use a speaker phone and do not use "hands-free" if using a cell phone.

(2) Make the call from a quiet area where background noise is minimal.

(3) Mute your phone until the judge calls your case before speaking. (press "*6" to mute or unmute.)

(4) Do not put the phone on hold at any time after the call is connected.

(5) In the event you are unable to connect to the conference call after following the above procedures, please contact chambers at (206) 370-5310.

Hearings must be confirmed prior to the hearing date. Please read the information under the "Confirmation Requirements" tab

## I.  MOTION

Olga Plastino, the Debtor's widow and the Personal Representative of his estate ("Plastino", "Moving Party") respectfully requests that this Court enter an Order compelling Ron Brown, in his capacity as chapter 7 trustee ("Trustee"), to abandon the estate's interest in property located at 11740 Riviera PL. NE, Seattle, WA 98125 and other assets, including but not limited to furniture

NOTICE OF AND MOTION TO ABANDON PROPERTY
Page 2

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

and personal belongings, located at this address (the "Property"). As detailed below, cause exists to compel the Trustee to abandon the Property because it is subject to substantial secured claims, and the cost of administering the Property exceeds any benefit to the estate of selling it. Accordingly, moving party requests that this Court grant the Motion.

## II. FACTUAL BACKGROUND

This case was commenced by the filing of an individual, incomplete, voluntary Chapter 11 petition by Pakie Vincent Plastino ("Debtor" or "Plastino") on April 18, 2017 (the "Petition Date") [Dkt. # 1]. The case was later converted to a proceeding under Chapter 7. Ronald G. Brown was appointed as the Chapter 7 trustee for Plastino [Dkt. # 62] and has acted in that capacity since his appointment on June 27, 2017.

The Debtor died on September 1, 2018. Dkt. ## 171, 173. The Debtor's widow, Olga Plastino is not a debtor in this case. She is the Debtor's widow and the Executor of his estate.

Among the assets of the estate is a parcel of improved real property legally described as

LOT 13, BLOCK 2, RIVIERA BEACH-DIVISION NO. 2, ACCORDING TO
THE PLAT THEREOF RECORDED IN VOLUME 29 OF PLATS, PAGE 43, IN
KING COUNTY, WASHINGTON.

Tax Parcel: 735170016803

and commonly known as 11740 Riviera Place NE, Seattle, WA 98125 (the "Property").

Debtor obtained title to the Property on or about July 31, 1998. The Property is encumbered by various secured liens, approximately as follows, with the total of stated lien amounts greatly exceeding the value of the Property, which has been established by the Trustee to be $1,500,000.

NOTICE OF AND MOTION TO ABANDON
PROPERTY
Page 3

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

1. Deed of Trust in the principal amount of $1,000,000, granted by Pakie Plastino, a married man, as a separate estate, to Mortgage Electronic Registration Systems, Inc. as nominee for Alliance Bancorp, its successors and assigns, dated September 13, 2002, and recorded September 24, 2002, under King County Recording Number 20020924001664, last assigned to Deutsche Bank National Trust Company as Indenture Trustee for Impac Real Estate Asset Trust Series 2006-SD1 by an Assignment of Deed of Trust dated March 30, 2009, and recorded May 28, 2009, under King County Recording Number 20090528000813;

2. Deed of Trust in the principal amount of $400,000, granted by Pakie Plastino, a married man as his separate estate, dated June 25, 2007, and recorded June 28, 2007, under King County Recording Number 20070628002837 in favor of Gary E. Culver ("Culver");

3. Deed of Trust in the principal amount of $1,047,352, granted by Pakie V. Plastino, as his separate estate, dated June 30, 2007, and recorded November 6, 2007, under King County Recording Number 20071106001234 in favor of Morgan First Guaranty Inc., a Delaware corporation ("Morgan First");

## III. LEGAL ARGUMENT

### A. Abandonment of Property

Bankruptcy Code section 105(a) states that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." With certain specific exceptions, §541(a)(1) of the Bankruptcy Code provides that property of the estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case."

In liquidation cases, property of the estate is subject to administration by a Chapter 7 trustee. Collier on Bankruptcy § 6-700 (15th ed.). According to §704(a)(1), the Chapter 7 Trustee shall "collect and reduce to money the property of the estate for which such trustee serves and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. §704(a)(1). See, Vu v. Kendall (In reViet Vu), 245 B.R. 644, 647 (9th Cir. BAP 2000). And per

NOTICE OF AND MOTION TO ABANDON PROPERTY
Page 4

*OLGA B PLASTINO, REPRESENTATIVE OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

Case 17-11760-MLB    Doc 378    Filed 11/19/20    Ent. 11/19/20 09:03:11    Pg. 4 of 9

FRBP 1001, "these rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." FRBP 1001. "In performing [his] duties under §704(a), a chapter 7 trustee may administer an asset of the estate by selling it, returning it to a secured creditor, or abandoning it, depending on the circumstances of the case." In re Buchanan, 270 B.R. 689, 693 (Bankr. N.D. Ohio 2001).

Federal Rule of Bankruptcy Procedure (FRBP) 6007(b) provides that any party in interest "may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate."

The Code, at § 554(b), states that: *(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.*

It is universally recognized, however, that the sale of a fully encumbered asset is generally prohibited. Carey v. Pauline (In re Pauline), 119 B.R. 727, 728 (9th Cir. BAP 1990); In re Scimeca Found., Inc., 497 B.R. 753, 781 (Bankr. E.D. Pa. 2013) ("It is generally recognized that chapter 7 trustee should not liquidate fully encumbered assets, for such action yields no benefit to unsecured creditors.") (citing Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.), 816 F.2d 238, 245– 46 (6th Cir.1987)); In re Covington, 368 B.R. 38, 41 (Bankr. E.D. Cal. 2006) ("[W]hen an asset is fully encumbered by a lien, it is considered improper for a chapter 7 trustee to liquidate the asset."); In re Feinstein Family P'ship, 247 B.R. 502, 507 (Bankr. M.D. Fla. 2000). The prohibition against the sale of fully encumbered property is also embedded in the official Handbook for Chapter

NOTICE OF AND MOTION TO ABANDON PROPERTY
Page 5

*OLGA B PLASTINO, REPRESENTATIVE OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

7 Trustees in several places:

> Generally, a trustee should not sell property subject to a security interest unless the sale generates funds for the benefit of unsecured creditors. A secured creditor can protect its own interests in the collateral subject to the security interest.

To order abandonment, a court should find that either (1) the property is burdensome to the estate, or (2) the property is both of inconsequential value and inconsequential benefit to the estate. See <u>In re K.C. Machine and Tool Company</u>, 816 F.2d 238, 245 (6th Cir. 1987). The language of the statute is quite broad, allowing for abandonment so long as a showing is made either that the property is of inconsequential value or benefit or that it is burdensome. See <u>In re Johnston</u>, 49 F.3d 538, 540 (9th Cir. 1995). Abandonment is effective *nunc pro tunc* as of the filing date of the debtor's bankruptcy petition. See <u>Brown v. O'Keefe</u>, 300 U.S. 598 (1973); <u>Mason v. C.I.R.</u>, 646 F.2d 1039 (9th Cir. 1980); <u>In reHat</u>, 363 B.R. 123 (Bankr. E.D. Cal. 2007).

**B. The Property Is Burdensome To The Estate.**

"The principle of abandonment was developed . . . . to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit unsecured creditors of the estate." <u>Carey v. Pauline (In re Pauline)</u>, 119 B.R. 727, 728 (9th Cir. BAP 1990). Here, the bankruptcy continues three years after it was filed and two years after the debtor has passed away. The property is over-burdened, and, therefore, presents no value to Debtor's estate or its creditors, especially considering the fact that the pending offer currently presented to the court ($1,500,000) is far below the combined value of the secured liens (in excess of $3,000,000). In

NOTICE OF AND MOTION TO ABANDON PROPERTY
Page 6

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

addition, the selling price will be further eroded by the costs of selling and administrative expenses.

Therefore, the cost for the Trustee to liquidate the Property is overly burdensome to the estate and the standard for compelling abandonment is met.

**C. The Property Is of Inconsequential Value And Benefit To The Estate.**

Estate property may be abandoned under § 554 when there is at "least a prima facia case that the property is of inconsequential value and benefit to the estate." In re Bolden, 327 B.R. 657, 667 (Bankr. C.D. Cal. 2005)(citing In re Paoella, 79 B.R. 607, 610 (Bankr. E.D Pa. 1987)). Typically, an asset is of inconsequential value or benefit to the estate if it is "not expected to sell for a price sufficiently in excess of encumbrances to offset the costs of administration." In re Laredo, 334 B.R. 401, 414 (Bankr. N.D. Ill. 2005) (quoting Midlantic Nat'l Bank v. N.J. Department of Environmental Protection, 474 U.S. 494 (1986)(Rehnquist, C.J., dissenting)). Abandonment of property is proper if administration is too burdensome to realize that value. The question is whether the money received from the asset will exceed the cost of administering the asset. Bolden, 327 B.R. at 667; In re Dunn, 320 B.R. 161, 164 (Bankr. S.D. Ohio 2004). In order to show that encumbered property may have value to the estate, the trustee should demonstrate a specific plan or method to generate the benefit. The Trustee may not "simply speculate as to possible scenarios in which there might be some benefit" to the estate. In re Iuliano, 2010 WL 5452726, at 5 (Bankr. M.D. Fla.). Here, abandonment of the Property is in the best interest of the bankruptcy estate and is appropriate under § 554.

NOTICE OF AND MOTION TO ABANDON PROPERTY
Page 7

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

Case 17-11760-MLB    Doc 378    Filed 11/19/20    Ent. 11/19/20 09:03:11    Pg. 7 of 9

First, even at the values scheduled by the Debtor, the secured claims against the Property far exceed the current or potential value of the Property.

Second, the bankruptcy case has been pending for over three years with very limited movement forward towards closing. Rather than taking actions that would result in closing of this case, the Trustee engaged in actions that are contrary to the stated public policy concerns of Congress and of the Court in interpreting the Bankruptcy Code. The Code promised Debtor the "expeditious and final disposition of assets" to "enable the debtor (and the debtor's creditors) to achieve a fresh start". In Re Schwab v. Reilly, 794. The Trustee has lost sight of those goals. The Debtor died over two years ago and The Trustee continues to move forward with litigation against the first secured creditor, and promises to start litigation against other secured creditors in the future. The administrative cost of doing so, coupled with the secured claims, would far outweigh, and most likely would eliminate, any recovery to unsecured creditors. On its face the secured debt alone exceeds the value of the assets. A chapter 7 case must be administered to maximize and expedite dividends to creditors. A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. The trustee must be guided by this fundamental principle when acting as trustee. Accordingly, the trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors, including unsecured priority creditors, before administering a case as an asset case. 28 U.S.C. §586. (Opinion in In re KVN Corporation, Inc., Bk. No. 13-10477 U.S. Bankruptcy Appellate Panel, Ninth Circuit).

NOTICE OF AND MOTION TO ABANDON PROPERTY
Page 8

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

Third, this estate may be administratively insolvent, and should be closed at this time to prevent further diminution of the estate. It is possible that the Trustee and his counsel are seeking to sell this property to generate some money to pay administrative fees, which would not benefit the unsecured creditors of the estate.

Accordingly, the Property is of inconsequential value or benefit to the estate, and the standard for compelling abandonment is met.

### IV. CONCLUSION

Based on the foregoing, the Moving Party respectfully request that the Court enter an order compelling the Trustee to abandon the Property, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED this 18 day of November 2020.

By *Olga B Plastino*
Olga Plastino
Representative of the Debtor,
Pakie V. Plastino

NOTICE OF AND MOTION TO ABANDON PROPERTY
Page 9

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

Case 17-11760-MLB    Doc 378    Filed 11/19/20    Ent. 11/19/20 09:03:11    Pg. 9 of 9