The Honorable Marc Barreca
Chapter 7
Hearing Date: December 17, 2020
Hearing Time: 9:30 a.m.
Hearing Location: Telephonic
Response Date: December 10, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>PAKIE VINCENT PLASTINO,<br><br>    Debtor. | Case No. 17-11760-MLB<br><br>TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION OF OLGA PLASTINO TO COMPEL ABANDONMENT OF PROPERTY |

Ronald G. Brown, the Chapter 7 trustee ("Trustee" or "Brown") for Pakie Vincent Plastino ("Debtor" or "Plastino") responds in opposition to the Motion to Compell [sic] Trustee to Abandon Property [Dkt. # 378] (the "Abandonment Motion") filed by Olga Plastino, the Debtor's surviving spouse, as follows:

1. This case was commenced by the filing of an individual, incomplete, voluntary Chapter 11 petition by Pakie Vincent Plastino on April 18, 2017 (the "Petition Date") [Dkt. # 1]. The case was later converted to a proceeding under chapter 7 on the motion of creditor James Rigby, the chapter 7 trustee for the bankruptcy estate of Debra L. Wilson in case number 13 20904 in the United States Bankruptcy Court for the Western District of Washington on June 27, 2017 [Dkt. # 61]. Ronald G. Brown was appointed as the Chapter 7 trustee for Plastino [Dkt. # 62] and has acted in that capacity since his appointment on June 27, 2017. Declaration of Ronald G. Brown in support of this Response (the "Brown Response Decl."), ¶ 2.

TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION OF OLGA
PLASTINO TO COMPEL ABANDONMENT OF PROPERTY - 1

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 17-11760-MLB    Doc 383    Filed 12/10/20    Ent. 12/10/20 15:22:29    Pg. 1 of 4

2. This is the Debtor's fourth voluntary bankruptcy case in this court. The Debtor also filed a voluntary bankruptcy in the United States Bankruptcy Court for the Central District of California (Riverside). His previous bankruptcy filings and their conclusions are:

    2.1    Voluntary chapter 11 petition filed June 3, 1982, in the Western District of Washington under case number 82-10639-TTG, by Marjorie T. Plastino and Pakie V. Plastino, dismissed November 12, 1987;

    2.2    Voluntary chapter 11 petition filed March 24, 2005, in the Western District of Washington under case number 05-13695-TTG, by Pakie V. Plastino, converted to chapter 7 on May 30, 2006. Debtor received a discharge on February 22, 2007 (the "2005 Bankruptcy");

    2.3    Voluntary chapter 13 petition filed March 19, 2009, in the Western District of Washington under case number 09-12531-KAO, by Pakie V. Plastino, converted to chapter 11 on May 14, 2009, and dismissed on December 4, 2009; and

    2.4    Voluntary chapter 11 petition filed February 3, 2017, in the Central District of California (Riverside) under case number 17-10871-WJ, by Pakie V. Plastino and dismissed on July 6, 2017 (the "California Bankruptcy").

Brown Response Decl., ¶ 3.

3. The Debtor's surviving spouse, Olga B. Plastino aka Olga Plastino aka Olga Stewart Plastino aka Olga Stewart aka Olga B. Stewart aka Olga Borisovna Stewart ("Stewart"), is not a debtor in this case. She previously filed a voluntary chapter 13 petition on September 22, 2010, in the Western District of Washington under case number 10-21227-MLB (the "Stewart BK") that was converted to chapter 11 on November 1, 2010, and administratively closed on February 14, 2014, on entry of a final decree. Brown Response Decl., ¶ 4. The court entered its Agreed Order Confirming Third Amended Plan [Stewart BK, Dkt. # 134] on November 21, 2012.

4. The Abandonment Motion is signed by Stewart in her capacity as "Representative of the Debtor, Pakie V. Plastino." Abandonment Motion, 9:15-16. But it appears that the legal research and analysis, and perhaps even the drafting, of the Abandonment Motion was performed by a person or persons with legal training, and the record does not

TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION OF OLGA
PLASTINO TO COMPEL ABANDONMENT OF PROPERTY - 2

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 17-11760-MLB   Doc 383   Filed 12/10/20   Ent. 12/10/20 15:22:29   Pg. 2 of 4

1 disclose that Stewart has such training.  Stewart should be required to identify any person who

2 assisted her with the preparation of the Abandonment Motion.  Brown Response Decl., ¶ 5.

3       5.     The Abandonment Motion purports to request entry of an order

4 compelling the abandonment of the "real and personal property located at 11740 Riviera PL. NE,

5 Seattle, WA  98125 and other assets, including but not limited to furniture and personal

6 belongings, located at this address (the "Property")."  Abandonment Motion, 1:18-19.  The

7 arguments made by Stewart address only the real property commonly known as 11740 Riviera

8 Place NE, Seattle, Washington (the "Residence"), and do not provide any information regarding

9 the personal property or present any legal arguments supporting abandonment of the personal

10 property.  The proposed form of order attached to the Abandonment Motion [Dkt. # 378-1]

11 grants abandonment of the Residence and "all personal property located within the premises[.]"

12       6.     The Trustee and Deutsche Bank National Trust Company as Indenture

13 Trustee for Impac Real Estate Asset Trust Series 2006-SDI ("Deutsche Bank") have each filed a

14 motion for summary judgment in the jointly administered adversary proceedings pending under

15 lead case number 20-01012 (the "Deutsche Bank Adversary"), and the hearings on the summary

16 judgment motions are set concurrently with the Abandonment Motion.  In his Motion for

17 Summary Judgment [Deutsche Bank Adversary, Dkt. # 27], the Trustee seeks to avoid and

18 preserve Deutsche Bank's first position deed of trust for the benefit of the estate.  The Trustee

19 requests the court continue the hearing on the Abandonment Motion to a date after the court

20 enters its orders on the pending summary judgment motions, because if the Trustee prevails on

21 summary judgment, he will have created significant value for the estate from the Residence,

22 rendering moot most, if not all, of Stewart's arguments in favor of abandonment.  Brown

23 Response Decl., ¶ 6. Further, it is not clear what personal property is currently located within the

24 Residence, and whether, among other things, Stewart might consider fixtures to be personal

25 property, thus potentially complicating the Trustee's sale of the Residence.  Any order of

26

TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION OF OLGA
PLASTINO TO COMPEL ABANDONMENT OF PROPERTY - 3

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 17-11760-MLB    Doc 383    Filed 12/10/20    Ent. 12/10/20 15:22:29    Pg. 3 of 4

1 abandonment should exclude any property that is not disclosed on the Debtor's bankruptcy
2 schedules.  Brown Response Decl., ¶ 7.
3       WHEREFORE, the Trustee respectfully requests the court enter an order
4 continuing the hearing on the Abandonment Motion to a date after the court enters its order or
5 orders on the summary judgment motions pending before this court in the Deutsche Bank
6 Adversary.  In the alternative, the Trustee respectfully requests the court enter an order denying
7 abandonment of the Residence and "other assets, including but not limited to furniture and
8 personal belongings" or, if the court finds good cause to grant the requested abandonment, that
9 any order granting abandonment exclude property not disclosed on the Debtor's bankruptcy
10 schedules.

      DATED this 10th day of December, 2020.

      GROSHONG LAW PLLC

*/s/ Geoffrey Groshong*
Geoffrey Groshong
WSB No. 6124

Attorneys for Chapter 7 Trustee
Ronald G. Brown

TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION OF OLGA
PLASTINO TO COMPEL ABANDONMENT OF PROPERTY - 4

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 17-11760-MLB    Doc 383    Filed 12/10/20    Ent. 12/10/20 15:22:29    Pg. 4 of 4