Olga Plastino
Representative for the Debtor's estate
11740 Riviera Pl NE
Seattle WA 98125
(206) 790-3324

Hon. Marc L. Barreca
Chapter 7
Hearing date: December 17, 2020
Hearing time: 9:30 am
Hearing Location: Telephonic
Response date: December 10, 2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT
# OF WASHINGTONAT SEATTLE

In Re )
) No. 17-11760 MLB
PAKIE VINCENT PLASTINO, )
)
Debtor. ) Chapter 7
)

### OLGA PLASTINO'S REPLY TO TRUSTEE'S RESPONSE RE
### MOTION TO COMPELL TRUSTEE TO ABANDON PROPERTY

Olga Plastino, the Debtor's widow and the Personal Representative of his estate ("Plastino") having read the response of Ron Brown, in his capacity as chapter 7 trustee ("Trustee") in opposition to compel abandonment the estate's interest in property located at 11740 Riviera PL. NE, Seattle, WA 98125 further responds as follows:

The Trustee, in his response, did not put forward any substantive objections to the abandonment of Plastino's residence located at 11740 Riviera Pl.NE, Seattle, WA 98125, legally known as

> LOT 13, BLOCK 2, RIVIERA BEACH-DIVISION NO. 2, ACCORDING TO
> THE PLAT THEREOF RECORDED IN VOLUME 29 OF PLATS, PAGE 43, IN
> KING COUNTY, WASHINGTON.
> Tax Parcel: 735170016803.

PLASTINO'S REPLY RE MOTION TO ABANDON
Page 1

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

Instead, he asked that the motion be continued until after the court enters its orders on the summary judgement motions pending before this court. Since no objections were raised, the Motion to Abandon should be granted. This would render the adversary proceedings against the first lien holder, Deutsche Bank, unnecessary, and effectively put an end to the 4 year process during which the administrative fees have far surpassed any potential gains from the sale of the Debtor's home.

Trustee argues that "if he prevails on summary judgement, he will have created significant value for the estate" (The Brown Reply Dkt #371). This is incorrect for three reasons.

First, the property is burdened with two other secured liens which greatly exceed the $1.5 Million established by the Trustee. Those liens are as follows:

> Deed of Trust in the principal amount of $400,000, granted by Pakie Plastino, a married man as his separate estate, dated June 25, 2007, and recorded June 28, 2007, under King County Recording Number 20070628002837 in favor of Gary E. Culver ("Culver");

> Deed of Trust in the principal amount of $1,047,352, granted by Pakie V. Plastino, as his separate estate, dated June 30, 2007, and recorded November 6, 2007, under King County Recording Number 20071106001234 in favor of Morgan First Guaranty Inc., a Delaware corporation ("Morgan First");

Therefore, even if Trustee can successfully set aside Deutsche Bank's lien, which is unlikely, there are still two other existing secure liens, together totaling $1,547,352, that will come ahead of unsecured creditors. Given the sale price of $1,500,000.00, this does not present any meaningful value to the estate.

Second, Trustee had almost 4 years to "create value" for the estate. This has not happened. The Debtor died in the process of waiting, and his widow and family are still paralyzed by legal

PLASTINO'S REPLY RE MOTION TO ABANDON
Page 2

*OLGA B PLASTINO, REPRESENTATIVE
OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

Case 17-11760-MLB    Doc 387    Filed 12/15/20    Ent. 12/16/20 09:49:00    Pg. 2 of 5

processes and delay after delay. Since October of 2020 alone, Trustee has requested several continuances on various issues. He is once again asking to continue the hearing on Motion to Compel to Abandon until after the adversary proceeding against Deutsche Bank is heard, and he has previously proposed that the "extent and validity of junior liens could be resolved by a later adversary proceeding" (Reply in Support of Trustee's Motion to Sell, Dkt. #371). Effectively, Trustee is insisting on continuing to administer the over-encumbered asset, litigating against secured creditors, and continuing to accumulate administrative fees, which goes against the intent of the Bankruptcy.

> The Opinion in In re KVN CORPORATION, INC., BAP No. NC-13-1318-JuKuD Bk. No. 13-10477 U.S. Bankruptcy Appellate Panel, Ninth Circuit clearly states:
>
> The prohibition against the sale of fully encumbered property is also embedded in the official Handbook for Chapter 7 Trustees in several places:
>
>> Generally, a trustee should not sell property subject to a security interest unless the sale generates funds for the benefit of unsecured creditors. A secured creditor can protect its own interests in the collateral subject to the security interest.
>
> U.S. DOJ Exec. Office for U.S. Trs., Handbook for Chapter 7 Trustees at 4– 16 (2012) (hereinafter, Handbook). The Handbook also provides:
>
>> A chapter 7 case must be administered to maximize and expedite dividends to creditors. A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. The trustee must be guided by this fundamental principle when acting as trustee. Accordingly, the trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors, including unsecured priority creditors, before administering a case as an asset case. 28 U.S.C. §586.

Finally,

PLASTINO'S REPLY RE MOTION TO ABANDON
Page 3

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

in asset cases, when the property is fully encumbered and of nominal value to the estate, the trustee must immediately abandon the asset and contact the secured creditor immediately so that the secured creditor can obtain insurance or otherwise protect its own interest in the property. [§§] 554, 704.

Taken together, the above-referenced authorities stand for the proposition that sales of fully encumbered assets are generally improper. In that instance, the trustee's proper function is to <u>abandon the property</u>, not administer it, because the sale would yield no benefit to unsecured creditors. In fact, "the principle of abandonment was developed . . . to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit unsecured creditors of the estate.'" In re Pauline, 119 B.R. at 728; see also In re K.C. Mach. & Tool Co., 816 F.2d at 246 ("In enacting § 554, Congress was aware of the claim that formerly some trustees took burdensome or valueless property into the estate and sold it in order to increase their commissions.").

The Appellant Court's opinion further discusses:

In Pauline, the chapter 7 trustee decided to abandon the debtor's home and then reversed his decision, stating his intention to sell it. The debtor moved to compel the trustee to abandon the property. After considering the motion, the bankruptcy court required the trustee to find a buyer for the debtor's home within 60 days at a price sufficient to satisfy all liens on the home plus the allowed amount of the debtor's homestead exemption, in the absence of which the debtor's home would be deemed abandoned. In re Pauline, 119 B.R. at 728. On appeal, the Panel affirmed the bankruptcy court's decision in part … because the trustee apparently had "engaged in . . . conduct designed to enhance the size of his bank account rather than the size of the funds available for the debtor's unsecured creditors . . .." Id. at 728.

We, the estate of Pakie V. Plastino, reiterate that cause exists to compel the Trustee to abandon the Property because it is subject to substantial secured claims, and the cost of administering the Property exceeds any benefit to the estate of selling it.

Lastly, The Trustee raises the issue of personal property located at the Riviera Residence and asks that "if the Court finds good cause to grant the requested abandonment, that any order granting abandonment exclude property not disclosed on the debtor's bankruptcy's schedules." We

PLASTINO'S REPLY RE MOTION TO ABANDON
Page 4

*OLGA B PLASTINO, REPRESENTATIVE*
*OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*

believe that all personal property was properly included in the bankruptcy schedules originally filed by the Debtor (Dkt #20). With this said, on several occasions Debtor's widow has provided information to the Trustee (see Plastino declaration, DKT #387) with no response. She will continue to cooperate with the Trustee in an effort to settle what is left of her late husband's estate in the most efficient and time-effective manner.

Based on the foregoing, the Moving Party respectfully requests that the Court disregard the Trustee's plea to continue the hearing once again and enter an order compelling the Trustee to abandon the Property, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED this 15 day of December 2020.

By /s/*Olga Plastino*

Olga Plastino
Representative of the Debtor,
Pakie V. Plastino

PLASTINO'S REPLY RE MOTION TO ABANDON
Page 5

*OLGA B PLASTINO, REPRESENTATIVE OF PAKIE V. PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, WA 98125*
*(206) 3790-3324*