Olga Plastino
Representative for the Debtor's estate
11740 Riviera Pl NE
Seattle WA 98125
(206) 790-3324

Hon. Marc L. Barreca
Chapter 7
Hearing date: December 17, 2020
Hearing time: 9:30 am
Hearing Location: Telephonic
Response date: December 10, 2020

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

In Re                                              )
                                                   )  No. 17-11760 MLB
PAKIE VINCENT PLASTINO,                            )
           Debtor.                                 )  Chapter 7
_____            )

**DECLARATION OF OLGA STEWART PLASTINO**

Olga Stewart Plastino, under penalties of perjury under the laws of the state of Washington, declares as follows:

I am the widow of Pakie Vincent Plastino, have knowledge of the facts set forth herein and make this declaration on behalf of myself as the co-owner of the Riviera Property, as a party in interest, and as the Personal Representative of Pakie Vincent Plastino, Debtor, deceased.

1. I have always cooperated with the Trustee, Ron Brown, and his counsel in an effort to settle the estate of my late husband, debtor in this case, Pakie V. Plastino. On August 7th of 2020, Geoff Groshong, attorney representing Trustee Ron Brown, wrote an e-mail asking a number of questions about assets and personal property listed in Bankruptcy schedules. I promptly replied
DECLARATION OF OLGA PLASTINO

*OLGA PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, Washington 98125*
*(206) 790-3324*

Page - 1

to him in an e-mail dated August 11, 2020 (see attached Ex. A). I have received no further response from either Trustee or Mt. Geoff Groshong.

2. On October 19th, 2020, I sent a letter to Mr. Geoff Groshong and others stating that I want to work with the secured creditors including Deutsche Bank to reach a fair and equitable settlement. I asked to be included in the settlement negotiations between Deutsche Bank and the Trustee as the duly appointed Representative of Pakie V. Plastino. I received a reply that Trustee does not recognize me as "a party to the matters" and denied my request to participate in the settlement.

3. On November 17, 2020 I requested a telephone conference with Geoff Groshong to discuss the details of the case. I received a reply asking me to send my questions in writing. On November 18, 2020, I sent a detailed letter via electronic mail (see Ex. B) asking to work collaboratively and openly to settle the estate and close the bankruptcy. I stated that since the filing of this bankruptcy and, especially, since the death of my husband, most, if not all, of the unsecured liens against the Riviera property have been satisfied and offered to provide documentation to that effect, so that it could be properly recorded and addressed in the Bankruptcy. I received a response stating that Mr. Groshong would forward my inquiry to the Trustee and they would reply. It has been almost a month since then and I have yet to receive any response.

4. Since August of this year, I have made every effort to communicate, cooperate and move forward with the resolution and closure of this case. I am asking the Court to make the decision to abandon my residence at 11740 Riviera Pl, NE, Seattle, WA 98125, so that I can put the Bankruptcy of my late husband behind me.

DECLARATION OF OLGA PLASTINO

*OLGA PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, Washington 98125*
*(206) 790-3324*

Page - 2

Signed under penalty of perjury at Seattle, Washington, this 15th day of December 2020

*/s/ Olga Plastino*
───────────────────────
Olga Plastino

DECLARATION OF OLGA PLASTINO

Page - 3

*OLGA PLASTINO*
*11740 Riviera Pl. NE*
*Seattle, Washington 98125*
*(206) 790-3324*

Exhibit A



Olga Plastino <olgaplastino@gmail.com>

# FW: Plastino

**Olga Plastino** <olgaplastino@gmail.com>  
To: Craig Sternberg <css@stoslaw.com>  
Cc: Geoff Groshong <geoff@groshonglaw.com>

Tue, Aug 11, 2020 at 12:25 PM

Gentlemen,

<span style="color:red">Redacted</span>

Here are replies to Geoff's questions to the best of my knowledge:

<u>2004 Mercedes</u>. This is listed as having a value of $5,000, while the exemption claimed is $3,250. Does Olga Plastino have any current information as to value that might resolve the disparity? - **According to Kelly Blue book, trade in value for this car is $1,460 (private party value is $3,719). The car is currently being driven by Pakie's 19 year old daughter Alexandra, who needs it to go to work. The car requires some repairs (breaks and rotors, new tires and some body and interior work, also the convertible top does not open). I do not have a number as to what the repairs will cost and if it will fall below or exceed the $1750, which is the difference between the value listed for the car in 2017 (over 3 years ago) and the exemption. I can get an estimate for these repairs if needed, or you can, of course, take the car away from Alexandra.**

<u>Household goods an furnishings</u>. The trustee objected to the claim of an exemption under RCW 6.15.040 "to the extent the debtor is trying to exempt the separate property of his spouse." Can you provide information to resolve this issue? - **what does it mean? and what is the basis upon which the trustee objects that I, the spouse of a deceased debtor, have rights to my own property or household goods and furnishings in my home? What property is considered mine and what Pakie's? Also, my brother has been living with me and Alexandra since Pakie's death and he has his own furniture and property at the house as well. Throughout this whole ordeal, I feel continuously threatened and that my rights as a spouse, and as a human being are disregarded or taken away from me via legal maneuvering. My own house in La Quinta (which I bought from the proceeds of the property I sold that I owned prior to my marriage to Pakie, was taken to pay for Pakie's debts, my rental business was shut down, and now, it seems, the trustee wants our beds and chairs. Please give me a list of which furniture, clothes, towels and dishes are wanted and why?**

<u>Leroy Neiman numbered prints</u>: These were valued at $3,500 and exempted in the amount of $500. Please provide an inventory, any third party valuation, any certificates of authenticity, and anything else that might support the value stated. - **Since I was not a party to Pakie's filings in 2017, I don't know what assets Pakie listed. There were several framed prints at the La Quinta house, which I thought were posters. All of them are missing together with my jewelry, camera equipment, electronics and china - we raised the issue of missing property at the time with no resolution. I was not allowed to access the property, so, perhaps, we need to ask real estate agents who were in charge at the time, what they did with the prints and if those had any value. I do not have any certificates of authenticity or third party valuations, we have not purchased any expensive art during our marriage, and I am not sure if Pakie bought any authentic artwork before our marriage. You can inquire with Pakie's previous spouse, Anne Marie Godwin Plastino, about any artwork that they possibly bought together and if she has any of it. Craig, do you have an inventory that Pakie referred to when the BK case was filed in 2017?**

<u>Money</u>: The post-conversion schedules and statements listed $1,000 cash on hand and $148 in a Chase Banking account. Schedule C claimed exemptions of $0 under RCW 6.15.010(1)(ii. Please account for these funds. - **I paid $1000 to probate attorneys LeSourd & Patten for probate fees and made subsequent payments to them in excess of $148.**

<u>25% interest in OP, LLC:</u>  Schedule B in the post-conversion schedules states the value of the interest at $62,500 based on "potential sale no longer pending".  No exemption is claimed.   What is the current status and value of this interest? - ***This was the LLC I used to operate vacation rental at La Quinta. Trustee sold the La Quinta property, therefore, the business no longer has any assets or income. I have no idea where the number $62,500 came from. Craig, any information on where this number came from?***

<u>30% interest in Washington Capital Mortgage Inc</u>.  This interest is valued at $300,000 in the schedules and not claimed except.  What is the current status and value of this interest? - ***I have never heard of this company. I talked with Dean Kalivas yesterday and he told me it is his company and that all inquiries regarding Washington Capital should be directed to him. Craig, he also told me that he will call you directly.***

[Quoted text hidden]

--
Olga Plastino
olgaplastino@gmail.com
206-790-3324

Exhibit B



Olga Plastino <olgaplastino@gmail.com>

## request for telephone conversation
8 messages

**Olga Plastino** <olgaplastino@gmail.com>     Tue, Nov 17, 2020 at 4:05 PM
To: Geoff Groshong <geoff@groshonglaw.com>

Mr. Groshong,

I would like to talk with you about a few things and have a couple of questions. When would be a good time to call you or schedule a zoom meeting?

Thank you very much in advance.

Olga Plastino
olgaplastino@gmail.com
206-790-3324


**Geoff Groshong** <geoff@groshonglaw.com>     Tue, Nov 17, 2020 at 4:45 PM
To: Olga Plastino <olgaplastino@gmail.com>

Mr. Plastino,


Thank you for your email.


Please feel free to send me an email with your questions and any comments.


Best regards,



*Geoffrey Groshong*

**Groshong Law PLLC**

600 Stewart Street, Suite 1300

Seattle, WA  98101

Main: 206.508.0585

Direct: 206.538.2261

Fax: 253.218.4866

www.groshonglaw.com




*Please consider the environment before printing this e-mail.*

------------------------------------

**CONFIDENTIALITY NOTICE:** This e-mail message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the e-mail. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.

------------------------------------

[Quoted text hidden]

---

**Olga Plastino** <olgaplastino@gmail.com>  Wed, Nov 18, 2020 at 11:55 AM
To: Geoff Groshong <geoff@groshonglaw.com>

Good morning Mr Groshong,

As you know, I got closely involved in this case this September and I have a much better understanding of facts now. My husband died two years ago and I did not have bandwidth to deal with this earlier, plus my husband was represented by an attorney prior to August 2020, which has now changed. I am trying, but I am certainly no match to an experienced attorney such as yourself.

I am hoping we can work together to close this bankruptcy, settle the affairs and move on. It has been a very long and stressful process, for me anyway, and I would like to explore an opportunity to work collaboratively and openly. Here are a few questions I have:

1. You filed Notice of Intent to Argue on the 19th, but I see that no additional paperwork was filed on the 10th (per judge's orders). Is there additional information I should know? Do I need to file a Notice of Intent to Argue as well?

2. You (or Trustee) stated previously that you feel like I want to stay in the house for free forever. I assure you I do not. I am in a position now where I can work and settle with Deutsche Bank and others directly, but my hands are tied by this bankruptcy (with me not being the Debtor). I know there is a pending litigation with DB on Dec 19th. Is it ok with you if I contact BD lawyer and work out a settlement with him (if they are willing)?

3. You mentioned before that should I choose to exercise my right under 363 (i) to match the sale price, you need proof of ability to close. In what form and at what point do you want to receive such assurance?

4. In October, you asked me several questions about other belongings of my late husband's, such as his car. I told you that the car is being driven by his 19 years old daughter. Do you intend to take the car, or can she keep it? We were trying to get her her own insurance policy, but we cannot because the car is registered to Pakie still, so we could not make any changes to the existing insurance policy. If you don't intend to take her car, how can we change registration to her (since it is listed as an asset in the bankruptcy)? If you intend to take the car, when will you do it and how? I don't want Alexandra find herself stranded.

5. I have a satisfaction of judgement for Pakie's other car, the BMW. Do you need this document, so you can mark this debt resolved?

5. There is a debt owed to Pakie by his ex wife Ann Marie Plastino Godwin in excess of $100,000. This is for delinquent child support obligations. There is a court order for her to pay that she disregarded. As an executor of the estate, I tried to enforce the collection through DSHS and the matter was heard by judge Jill H. Brown. She issued an order that stated that I myself did not have standing to challenge case closure in the matter of support enforcement services, but added that "Mr. Plastino's estate can pursue a debt against Ms. Godwin for past due child support in a court of law". Would you like to receive this information and pursue collection of this debt for the estate?

6. Going through my late husband's documents, I found out that there is a sail boat moored somewhere in Tacoma. I have never seen it, but I have a title to it. There are outstanding moorage charges against it. Do you want information about this asset?

7. There are a number of small liens that are listed in the Title Report. All of them (with the exception of sewage charge) have been satisfied. Do you need information re this?

Thank you for answering my questions and I hope we can find a way out of this in the most fair and equitable way.

Thank you,
Olga Plastino
206-790-3324

[Quoted text hidden]

--
Olga Plastino
olgaplastino@gmail.com
206-790-3324

---

**Geoff Groshong** <geoff@groshonglaw.com>     Wed, Nov 18, 2020 at 3:42 PM
To: Olga Plastino <olgaplastino@gmail.com>

Ms. Plastino,

Thank you for you email. I have forwarded it to the trustee, Ron Brown, and will get back to you after I discuss it with him.

In the meantime: at the hearing I intend to ask the court to continue the sale hearing to January 7, 2020, after the cross motions for summary judgment concerning Deutsche Bank's deed of trust are heard. Those motions are scheduled for hearing on December 17, 2020.

[Quoted text hidden]

---

**Olga Plastino** <olgaplastino@gmail.com>     Wed, Nov 18, 2020 at 4:02 PM
To: Geoff Groshong <geoff@groshonglaw.com>

Thank you for your response. I agree with the continuance until all questions are resolved. I am looking forward to Ron Brown's and your responses and sincerely hope that we can come to an agreement.

Are you planning to file a Notice of Continuance, since all parties agree?

Sincerely,
Olga Plastino
[Quoted text hidden]

---

**Geoff Groshong** <geoff@groshonglaw.com>     Wed, Nov 18, 2020 at 4:57 PM
To: Olga Plastino <olgaplastino@gmail.com>

Ms. Plastino,

I am not planning on filing a notice of continuance. I will make a verbal request at the time of hearing tomorrow.

I don't know what you mean by a "continuance until all questions are resolved". The trustee is seeking a continuance until after the cross motions for summary judgment are heard, without any limitation on his ability to seek entry of the sale order by the court.

I note that my earlier email incorrectly stated the continuance would be to January 7, 2020, but January 7, 2021 is correct.

[Quoted text hidden]

---

**Olga Plastino** <olgaplastino@gmail.com>     Wed, Nov 18, 2020 at 5:22 PM
To: Geoff Groshong <geoff@groshonglaw.com>

I understand. Thank you for your clarification.
[Quoted text hidden]

---

**Olga Plastino** <olgaplastino@gmail.com>     Thu, Nov 19, 2020 at 1:24 PM
To: Geoff Groshong <geoff@groshonglaw.com>

Case 17-11760-MLB    Doc 388    Filed 12/15/20    Ent. 12/16/20 09:52:14    Pg. 10 of 11

Mr. Groshong,

Where do I call to for the hearing? There were no instructions in the last order of continuance you prepared.

Thank you.

Best regards,
Olga Plastino

[Quoted text hidden]